IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Gwendolyn Singleton, | ) | C/A No. 5:19-347-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Organgeburg County Disabilities Special Needs Board, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Gwendolyn Singleton, a self-represented litigant, filed this employment action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. This matter is before the court on the plaintiff's motion for appointment of counsel. (ECF No. 7.)

Generally, there is no constitutional right to appointed counsel in civil actions, such as Title VII, ADEA, and ADA cases. See, e.g., Mallard v. United States District Court, 490 U.S. 296, 302 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Young v. K-Mart Corp., 911 F. Supp. 210, 211 (E.D. Va. 1996); Jason v. Baptist Hosp., 872 F. Supp. 1575 (E.D. Tex. 1994). Whether to grant a litigant's request for appointment of counsel is within the discretion of the district courts. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196 (2d Cir. 2003); Young, 911 F. Supp. at 211.

Some actions, such as those brought under Title VII or the ADA, provide statutory discretionary authority for a litigant to request appointment of counsel "in such circumstances as the

court may deem just." 42 U.S.C. § 2000e-5(f)(1); see also 42 U.S.C. § 12117(a) (ADA) (applying by reference the powers, remedies, and procedures in § 2000e-5). However, the circumstances under which a Title VII litigant is entitled to an appointed counsel are limited. See 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."); Jason, 872 F. Supp. at 1579. Other actions, such as those filed under the ADEA, have no provision for appointment of counsel, in which case the general authority for requesting counsel under 28 U.S.C. § 1915(e)(1) may govern. See Dahm v. Clinton, No. 12-CV-1, 2012 WL 523708, at *1 (N.D. Ind. Feb. 16, 2012). Section 1915(e)(1) provides courts discretion to "request an attorney to represent any person unable to afford counsel." However, a plaintiff must present "exceptional circumstances." Miller v. Simmons, 925 F.2d 962, 966 (4th Cir. 1987) (citing Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975)).

Neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit has considered how a district court should exercise its discretion to appoint counsel. Other circuits considering appointment of counsel under § 2000e-5(f)(1) have stated that a district court should consider the following factors: (1) the plaintiff's financial resources; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the plaintiff's case. See, e.g., Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990); Poindexter v. Fed. Bureau of Investigation, 737 F.2d 1173, 1185 (D.C. Cir. 1984); Bradshaw v. Zoological Soc'y, 662 F.2d 1301, 1318 (9th Cir. 1981). Some circuits have also considered the plaintiff's ability to represent herself. See Hunter v. Dep't of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988); Poindexter, 737 F.2d at 1185. Finding this authority persuasive, as have other courts in this circuit, this court will review the plaintiff's request for appointment of

*PJG*

counsel under these four factors. See Tyson v. Pitt Cnty. Gov't, 919 F. Supp. 205, 207 (E.D.N.C. 1996); Young, 911 F. Supp. at 211.

Upon review of the file, the court has determined that while the first factor may weigh in the plaintiff's favor, the second, third, and fourth factors weigh heavily against appointment of counsel. The plaintiff's motion does not state that she has previously attempted to retain counsel. Further, based on the pleadings before the court, the plaintiff appears capable of addressing the legal issues.

Moreover, the plaintiff has failed to present any exceptional or unusual circumstances at this time that would justify her request for counsel under 28 U.S.C. § 1915(e)(1), nor would the plaintiff be denied due process if her request were not granted. Accordingly, the plaintiff's request for a discretionary appointment of counsel is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2019
Columbia, South Carolina