IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gwendolyn Singleton,<br><br>　　　PLAINTIFF,<br><br>　v.<br><br>Orangeburg County Disabilities Special Needs Board,<br><br>　　　DEFENDANT. | Case No. 5:19-cv-347-TLW<br><br><br>**Order** |

Plaintiff Gwendolyn Singleton, proceeding *pro se*, brings this employment discrimination action. ECF No. 14. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 23.

The magistrate judge previously ordered that the Plaintiff bring this case into proper form for the issuance and service of process and warned the Plaintiff that failure to comply would subject this case to dismissal for failure to prosecute. *See* ECF No. 11. The Plaintiff responded by summonses and Forms USM-285 that did not comply with the court's order. *See* ECF No. 15. The magistrate judge then once again ordered that the Plaintiff bring this case into proper form for the issuance and service of process. *See* ECF No. 18. The Plaintiff did not respond to this order. The magistrate judge has now issued the instant Report.

In the Report, the magistrate judge recommends that this case be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. After the magistrate judge filed the Report, Plaintiff filed objections. ECF No. 28. The objections state no facts related to her claim. The objections do not specifically address the issues raised in the Report

1

related to dismissal for failure to prosecute or comply with the court order. The plaintiff did attach a notice from the EEOC stating it was closing its file because "[b]ased upon its investigation, the EEOC is unable to conclude that information obtained establishes violation of the statues." ECF No. 28-1 at 1. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 23, is **ACCEPTED**. Plaintiff's objections, ECF No. 28, are **OVERRULED**. Plaintiff's Amended Complaint, ECF No. 14, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

                *s/ Terry L. Wooten*
                Terry L. Wooten
                Senior United States District Judge

May 18, 2020
Columbia, South Carolina